IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1776** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| SHANNON CRAKE, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Procedural History.**

On August 24, 2010, Plaintiff, Frederico A. Dacenzo, an inmate at Green Rock Correctional Center, Chatham, Virginia, filed, *pro se*, three civil rights actions with this Court, seemingly under 28 U.S.C. § 1983. *See* Civil Action Number 3:CV-10-1776, Civil Action Number 3:CV-10-1777 and Civil Action Number 3:CV-10-1778. Plaintiff also filed *in forma pauperis* motions in all three cases.

In his Complaint against Defendant Crake, a Luzerne County Assistant District Attorney, Plaintiff averred as follows:

> She knowingly approved a court order that is both illegal and violates
> my right to know when a person or organization is attempting access to
> my private account information.

(Doc. 1, p. 2, #10-1776).

In his Complaint against Defendant Olszewski, a former Judge of the Luzerne County Court of Common Pleas, Plaintiff averred as follows:

> Issued court orders for the release of personal account information and
> illegally ordered the communications company to not inform me, thus

violating my right to know, and the companies (sic) privacy policy.

(Doc. 1, p. 2, #10-1777).

In his Complaint against Defendant Gownley, a Pennsylvania State Police ("PSP") Trooper, Plaintiff averred as follows:

> He filed a court order claiming a right to access my private account information. He didn't want me to know about it, but never filed the proper forms, then neglected to inform me as required by law.

(Doc. 1, p. 2, #10-1778).

As relief in all three Complaints, Plaintiff basically requested that Defendants admit that they violated his rights and that they illegally obtained (or gave permission to obtain) his private account information from a communications company. Plaintiff also requested that policies be put in place to prevent the alleged conduct from reoccurring. Further, Plaintiff requested "maximum monitary (sic) compensation allowable to offset mental stress, anguish, and financial burdens that have resulted from [Defendants' alleged conduct]."

On October 8, 2010, we screened Plaintiff's three Complaints pursuant to the Prison Litigation Reform Act of 1995[1], since the PLRA obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. We issued three Reports and Recommendations ("R&R"), the same R&R in each of Plaintiff's cases, and recommended that the three above-captioned cases be consolidated, that Civil Action Number 3:CV-10-1777 and Civil Action Number 3:CV-10-1778 be closed, and that the matter proceed under Civil Action Number 3:CV-10-1776. Additionally, we recommend that Plaintiff be directed

---

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

to file one Amended Complaint against all three Defendants adhering to the standards set forth in our R&R. Further, we recommended that, if Plaintiff failed, within the applicable time period, to file his Amended Complaint adhering to the standards set forth in our R&R, his action be dismissed. To the extent Plaintiff sought money damages for pain and suffering from Defendants, we found that he was precluded since he did not allege any physical harm Defendant caused him.[2] Thus, we recommended that Plaintiff's claim for money damages for pain and suffering against Defendants be dismissed.

Finally, we recommended that Plaintiff's consolidated case be remanded to the undersigned for further proceedings. (Doc. 9). *See also Dacenzo v. Crake*, 2010 WL 4781099 (M.D. Pa. 10-8-10).

On November 17, 2010, the District Court issued a Memorandum and Order adopting our R&R's and consolidating Plaintiff's three cases into Civil No. 10-1776. (Doc. 13). *See also Dacenzo v. Crake*, 2010 WL 4781477 (M.D. Pa. 11-17-10). The Court also ordered as follows:

   3. The Clerk of Court shall mark Civil Nos. 10-1777 and 10-1778 **CLOSED**;

   4. Plaintiff may file an amended complaint within twenty (20) days of
      the date of this Order and his failure to do so will result in a decision
      being reached on his Amendment filed on November 1, 2010 (Doc. 11);

   5. This matter is remanded to Magistrate Judge Blewitt for further
      proceedings; and

   6. Any appeal will be deemed frivolous, lacking merit, and not taken
      in good faith.

---

[2]As we previously noted, Plaintiff cannot obtain compensatory damages for pain and suffering since he fails to allege any physical injury. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E.D. Pa. 2009).

3

(*Id.*, pp. 6-7).

On December 6, 2010, Plaintiff filed his one complete Amended Complaint against the original three Defendants, as well as a new Defendant, Jacqueline Musto-Carroll, District Attorney of Luzerne County, Pennsylvania. (Doc. 14). Plaintiff's Amended Complaint consists of four handwritten pages, and it is again in clear violation of Fed. R. Civ. P. 8.

In his Amended Complaint, Plaintiff avers that on November 21, 2008, Defendant Gownley, a PSP Trooper with the computer crimes task force, filed two applications for court orders with the Luzerne County Court of Common Pleas ("CCP") seeking to obtain his private account information for his two "IP Addresses."[3] (Doc. 14, p. 1). Plaintiff alleges that in both applications, Defendant Gownley relied upon 18 Pa. C.S.A. §5743 as authority for the release of his personal account information for his IP addresses.[4]

---

[3] In *U.S. v. Diyn*, 2008 WL 2795942, *1, n. 3 (W.D. Pa. 7-18-08), the Court noted that "IP number is the Internet Protocol number; this is the identifying number for each computer that is necessary for it to connect to the Internet." In *U.S. v. Abraham*, 2006 WL 3052702, *5 (W.D. Pa. 10-24-06), the Court stated that "an IP address is a unique identifier."

In *U.S. v. Vosburgh*, 602 F. 3d 512, 517, n. 3 (3d Cir. 2010), the Third Circuit noted that "an IP address is a number assigned to each device that is connected to the Internet. The Third Circuit also noted "in general an IP address for a device connected to the Internet is unique in the sense that no two devices have the same IP address at the same time."

[4] 18 Pa.C.S.A. § 5743, Requirements for governmental access, provides, in part, as follows:

**(a) Contents of electronic communications in electronic storage**.--Investigative or law enforcement officers may require the disclosure by a provider of electronic communication service of the contents of an electronic communication which is in electronic storage in an electronic communication system for:

(1) One hundred eighty days or less only pursuant to a warrant issued under the Pennsylvania Rules of Criminal Procedure.

(2) More than 180 days by the means available under subsection (b).

Plaintiff alleges that Defendant DA Musto-Carroll and Defendant ADA Crake, as well as

---

**(b) Contents of electronic communications in a remote computing service. --**

(1) Investigative or law enforcement officers may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2):

    (i) **without required notice to the subscriber or customer if the investigative or law enforcement officer obtains a warrant issued under the Pennsylvania Rules of Criminal Procedure**; or

    (ii) with prior notice from the investigative or law enforcement officer to the subscriber or customer if the investigative or law enforcement officer:

    (A) uses an administrative subpoena authorized by a statute or a grand jury subpoena; or

    (B) obtains a court order for the disclosure under subsection (d);

(2) Paragraph (1) is applicable with respect to an electronic communication which is held or maintained on that service:

    (i) On behalf of and received by means of electronic transmission from, or created by means of computer processing of communications received by means of electronic transmission from, a subscriber or customer of the remote computing service.

    (ii) Solely for the purpose of providing storage or computer processing services to the subscriber or customer, if the provider is not authorized to access the contents of any such communication for the purpose of providing any services other than storage or computer processing.

Emphasis added.

Defendant Trooper Gownley, signed both applications and that the applications requested, in part, that the CCP "order Frontier Communications, Inc., ... not to disclose this request and/or the subsequent providing of information to the user/subscriber ... until further order of this court." Plaintiff also avers that on November 21, 2008, Defendant DA Musto-Carroll and Defendant ADA Crake "looked over and approved the application[s] for both court orders, with attached affidavits [each affidavit was 11 pages], ignoring all of the [alleged violations of §5743]." (*Id*., p. 3).

Additionally, Plaintiff alleges that on November 21, 2008, Defendant former CCP Judge Olszewski approved of the applications by court orders, and that this Defendant signed and dated the orders at the exact same time. Plaintiff states that it was not possible for Defendant former CCP Judge Olszewski to have read both applications each with their 11-page affidavit attached and to have signed both orders at the exact same time. Plaintiff alleges that former CCP Judge Olszewski either "read them as one, ignored the violations of [§5743], and issued them anyway, or he never read either one rubber stamping his name on whatever was placed before him." (*Id*.). Plaintiff further avers that "both the DA and ADA would have noticed this, and would have a responsibility to rectify it. They did not. Trooper Gownley would have noticed the time stamp on the court orders and should have rectified it. He did not." (*Id*.).

As relief in his Amended Complaint, Plaintiff requests as follows:

I am seeking 1st: legal documentation that both court orders were illegal
and all information obtained by them is illegally obtained information.
2nd: an investigation to determine how many times the defendants used

---

We note that Plaintiff quotes from §5743 in his Amended Complaint, Doc. 14, p. 2.

> this to violate peoples rights
> 3rd: policies and procedures put into place to prevent this from happening again.
> 4th: monetary restitution. The damage done to me was not physical, but there was damage done. I chose Verizon in part for the price of services, and in part for their privacy policies and procedures which can be found in any Verizon Phone Book. Part of the cost of services is for privacy and protection from identity theft, fraud, illegal access of any kind, etc. Issuing illegal court orders to gain information makes that worthless. Verizon does not see the applications for court orders or the affidavits. They would have no way of knowing if a persons rights were violated. The damage done to me is from the violation of my rights, monetary loss, and added monetary expenses from filing legal documents. Not to mention, this damages my faith in our justice system if those in authority can ignore the wording and spirit of the statutes, violate our rights, and nothing is done to correct, discipline or prevent these actions.

(*Id.*, p. 4).[5]

## II. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors.

---

[5]To the extent that Plaintiff is seeking monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Walker v. Beard*, 244 Fed. Appx. 439, 440-441 (3d Cir. 2007); *Atwell v. Schweiker*, 274 Fed. Appx. 116, 118 (Non-Precedential) (3d Cir. 2007). Plaintiff does not state in his Amended Complaint in what capacity he sues Defendants.

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[6]  See also Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 498-499 (M. D. Pa.); *Sims v. Piazza*, 2009 WL 3147800, *16 (M.D. Pa.).

### III. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa. 2-2-10), 712 F. Supp. 2d 332, the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility"

---

[6]Plaintiff alleged in his amended pleading that the four individual Defendants were state agents.

8

> determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009); *Hollingsworth v. Range Resources-Appalachia, LLC*, Civil No. 09-0838, M.D. Pa., 10-28-09 Memorandum, slip op. pp. 4-5(Plaintiff must "describe 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' each necessary elements of the claims alleged in the complaints.")(citations omitted); *George v. PA DOC*, 2010 WL 936778, * 1 - * 2 (M.D. Pa. 3-11-10).

We now screen Plaintiff's amended pleading (Doc. 14) as we are obliged to do.

**IV. PLRA.**

As stated, the Plaintiff has filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 2 & 6). The PLRA obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[7] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of

---

[7]The Plaintiff filed two applications to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 6, 7 and 8).

>poverty is untrue; or (B) the action or appeal
>(i) is frivolous or malicious; (ii) fails to
>state a claim on which relief may be granted;
>or (iii) seeks monetary relief against a
>defendant who is immune from such relief.

**V. Discussion.**

Initially, as stated, we find that Plaintiff's Amended Complaint, which consists of four handwritten pages, is again in clear violation of Fed. R. Civ. P. 8, despite our prior R&R advising Plaintiff as to the requirements of Rule 8 and §1983. (Doc. 9). For example, Plaintiff does not state how this Court has jurisdiction over his action, he does not state his allegations in numbered paragraphs, and he does not clearly indicate exactly what claims he is raising against Defendants.

As we stated in our October 8, 2010 R&R, *pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, \*4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted."); *Klein v. U.S. Bank, N.A.*, Civil No. 10-1690, M.D. Pa.

In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's Amended Complaint, like his original Complaint, is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which they rest. Nor does Plaintiff's amended pleading state a basis for this Court's jurisdiction over his action and it does not clearly state what his specific federal claims are against each Defendant. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Amended Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining and how this conduct violated his constitutional rights.

While we find Plaintiff's Amended Complaint fails to comply with Rule 8, and that it fails to state in understandable fashion each element of his federal claims and sufficient facts to support each element, we will not recommend that Plaintiff's action be dismissed on this basis. Rather, we find that Plaintiff's Amended Complaint should be dismissed as against Defendant Olszewski since this Defendant is entitled to judicial immunity with respect to Plaintiff's claims. We also will recommend that the Court direct Plaintiff to file a Second Amended Complaint only against Defendants Musto-Carroll, Crake and Gownley.

11

Plaintiff filed this action against the DA, the ADA, the state trooper and county judge alleging they violated 18 Pa. C.S.A. § 5743 by obtaining and approving of court orders to a communications company to release his personal account information about his Internet Protocol ("IP") addresses and by failing to inform him that they were obtaining his personal account information. Plaintiff also claims that Defendants violated his unspecified rights by "issuing illegal court orders to gain [his] information" from Verizon, and he claims that any evidence about his IP addresses was illegally obtained by Defendants. Plaintiff further claims that the court orders were illegal because they were in violation of §5743. Plaintiff does not specifically allege that defendants violated any of his constitutional rights, despite our prior R&R detailing the requirements of a § 1983 action (*See* Doc. 9).

With respect to Defendant Olszewski, we find that this Defendant is entitled to absolute judicial immunity.[8]

---

[8] The only cognizable relief which we deem Plaintiff as seeking from all Defendants is for money damages. (Doc. 14, p. 4). Plaintiff (*Id*.) seems to also request declaratory relief that the this Court find "both court orders were illegal and all information obtained by them is illegally obtained information." (*Id*.). We find that Plaintiff's request for declaratory relief based on past conduct of Defendants should be dismissed since Plaintiff lacks standing to seek declaratory relief in this case.

In *Gonzalez v. PA*, 2007 WL 1655465, *4, the Court stated:

> The United States Constitution limits federal jurisdiction to matters that constitute an actual case or controversy. U.S. Const. art. III, § 2. In *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), the Supreme Court held that a plaintiff lacked standing because he failed to satisfy the case or controversy requirement where he made a claim for declaratory and injunctive relief based on the Los Angeles police force's use of chokeholds. *Id.* at 105.FN4 The Court found that although plaintiff might be able to seek damages for the past conduct, events occurring in

In his original Complaint, Plaintiff alleged that Defendant Olszewski issued court orders for the release of his personal account information by a communications company and illegally ordered the company not to inform him "violating [his] right to know," as well as violating the company's privacy policy. In his Amended Complaint, Plaintiff alleges that Defendant Olszewski approved the applications for court orders submitted by Defendant Gownley, and that Olszewski ignored all of the violations of §5743.

We find that Defendant Olszewski is entitled to absolute judicial immunity with respect to Plaintiff's claims against him. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007). We find that Plaintiff's present claims against Defendant Olszewski are clearly based on this Defendant's performance of his judicial duties as a CCP judge and that they are precluded by absolute judicial immunity. *Id.*

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.), the Court stated:

> Judges receive absolute immunity for acts performed when discharging judicial duties. *See Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir.2000). A litigant may overcome the immunity only in two circumstances. First, a judge receives no immunity for acts performed outside of his or her judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Second, a judge is not immune from liability for actions that "though judicial in nature, [are] taken in the complete absence

---

> the past could not be the source of a declaratory judgment because they gave rise to no actual case or controversy. *Id.*
>
> FN4. The standing requirement "as articulated in *Lyons* has also been applied in the ADA context." *Douris v. Bucks County Office of the District Attorney,* 2004 WL 1529169, at *5 (E.D.Pa. July 6, 2004) (citing cases).

13

> of all jurisdiction." *Id.* at 12. Immunity extends to all federal and
> state judges regardless of whether they exercise general or limited
> jurisdiction. *See Figueroa,* 208 F.3d at 443-44 ("Irrespective of a judge's
> status in the hierarchy of the judicial system, the need for independence
> and for freedom from the threat of a suit for damages is an indispensable
> ingredient in the proper administration of justice."); *Maher v. Renninger,*
> No. Civ.A. 07-2979, 2008 WL 1995046, at *4 (E.D.Pa. May 7, 2008).

As discussed above, Plaintiff's claims against Defendant Olszewski clearly arise from actions Defendant Olszewski performed while discharging his judicial duties and his alleged actions were all taken within his jurisdiction. The decisions of Defendant Olszewski as to whether he should issue court orders approving of Defendant Gownley's applications to obtain Plaintiff's account information from Verizon regarding his IP addresses, as to whether there was sufficient evidence to issue the orders, and as to whether Gownley's affidavits properly stated cause to issue the orders, all "plainly assert claims associated with the judicial Defendant['s] performance of [his] official functions within the exercise of [his] jurisdiction." *Id.* Thus, we will recommend that Defendant Olszewski be dismissed from this action with prejudice since he is entitled to absolute judicial immunity with respect to all of Plaintiff's claims against him.[9]

We also find that Plaintiff's claims that the remaining three Defendants violated his rights by "obtaining illegal court orders to gain [his] information" from Verizon, and that they illegally obtained evidence from his IP addresses, may be *Heck* barred to the extent that Plaintiff was convicted of any criminal charges based on this information.

---

[9] We will recommend that all of Plaintiff's claims against Defendant Olszewski be dismissed with prejudice since we find that leave to further amend his claims against this former CCP judge would be futile. *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7.

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *8, the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court announced the "favorable-termination rule," which forecloses certain § 1983 actions for plaintiffs who have been convicted of criminal charges. In *Heck,* the Supreme Court stated:
>
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
>
> *Id*. at 486-87; *see also Hunt v. City of Scranton,* No. 06-4381, 2007 WL 1624099, *2-3 (3d Cir. June 6, 2007).
> The final termination rule bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. Hence, a civil rights plaintiff cannot maintain a claim for malicious prosecution predicated upon a charge for which he has pled guilty because "an award of damages [for malicious prosecution] would necessarily imply that ... [the] conviction and sentence were unlawful." *Marable v. W. Pottsgrove Twp.,* 176 F. App'x 275, 281 (3d Cir.2006); *see also Kadonsky v. New Jersey,* 188 F. App'x. 81, 85 (3d Cir.2006). *Heck* does not restrict civil rights claims that have no collateral effect on the underlying criminal conviction.

In *Biddings v. Dobbin*, 2010 WL 468062, *3 (W. D. Pa.), the Court stated:

> In order to succeed on his claim, this Court necessarily must conclude that Plaintiff's criminal conviction is unlawful because it was based on an illegal traffic stop. To the extent that he still is serving any portion of that sentence and is seeking immediate release from prison because of Defendants' actions, he is precluded from seeking such relief through a civil rights complaint because, under *Preiser,* a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's

> pronouncement in *Heck* because a judgment in his favor necessarily would implicate the validity of his conviction. As such, Plaintiff's section 1983 claim is not cognizable. *Heck,* 512 U.S. at 486. *See also Mitchell v. Department of Corrections,* 272 F.Supp.2d 464, 473 (M.D.Pa.2003) (holding that the favorable termination rule of *Heck,* under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).
>
> Here, Plaintiff has not demonstrated that he successfully has challenged his 2009 conviction. Accordingly, he cannot pursue his claim that Defendants violated his constitutional rights in this civil rights action until he can show that his conviction is legally invalidated through a writ of habeas corpus or other available means. *Accord Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000) (affirming dismissal of complaint for failure to state a claim of former inmate seeking damages pursuant to § 1983 for unconstitutional imprisonment because he had not satisfied the favorable termination requirement of *Heck* ), *cert. denied,* 532 U.S. 971, 121 S.Ct. 1601, 149 L.Ed.2d 468 (2001).

We find that Plaintiff's claims in this case against Defendants DA Musto-Carroll, ADA Crake, and Trooper Gownley, insofar as they have a collateral effect on any underlying criminal conviction and sentence, may be *Heck* barred. Thus, any claim for damages by Plaintiff which would impugn the validity of any criminal conviction and sentence which was based on the information Defendants obtained from his IP address may be precluded by *Heck*. *See Washam v. Stesis*, 321 Fed. Appx. 104, 105 (3d Cir. 2009); *Biddings v. Dobbin*, 2010 WL 468062, *3. To the extent that Plaintiff alleges that any criminal conviction he received was based on the illegal court orders signed by Defendant Olszewski and based on the information Defendants DA Musto-Carroll, ADA Crake, and Trooper Gownley obtained from Verizon about his IP addresses from the orders, such claims may be *Heck* barred. Plaintiff does not state if he was convicted of any crimes based

16

on the information obtained from the court orders at issue. Nor does Plaintiff state if he had any such conviction overturned or invalidated.

Moreover, Plaintiff fails to allege in his Amended Complaint that any Defendant violated his constitutional rights and he fails to clearly assert any basis for this Court to exercise jurisdiction over his action. Rather, Plaintiff only claims that Defendants' conduct violated his rights under 18 Pa. C.S.A. §5743. As stated, alleging a violation of a constitutional right is a prerequisite to bringing a §1983 action against state actors. *See Holocheck, supra*.

Accordingly, we will recommend that Plaintiff be directed to file a Second Amended Complaint only against Defendants DA Musto-Carroll, ADA Crake, and Trooper Gownley.

## VI. Recommendation.

Based upon the foregoing, it is respectfully recommended that Plaintiff's Amended Complaint (Doc. 14) be dismissed prejudice as against Defendant Olszewski. It is also recommended that Plaintiff be directed to file a Second Amended Complaint only against the remaining three Defendants, namely DA Musto-Carroll, ADA Crake, and Trooper Gownley.

Further, it is recommended that, insofar as Plaintiff is only claiming that Defendants' conduct violated his rights under 18 Pa.C.S.A. § 5743, this action be dismissed for lack of jurisdiction. Additionally, it is recommended that Plaintiff's request for declaratory relief be dismissed.

Finally, it is recommended that his case be remanded to the undersigned for further proceedings.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: December 15, 201**0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1776** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| SHANNON CRAKE, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 15, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                              <u>**s/ Thomas M. Blewitt**</u>
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: December 15, 2010**

_____