**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
SCRANTON

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | AUG 2 6 2011 |
| Plaintiff | : | |
| | : | CIVIL NO. 3:10-CV-1776 PER |
| v. | : | DEPUTY CLERK |
| | : | (JUDGE NEALON) |
| SHANNON CRAKE, et al., | : | (MAGISTRATE JUDGE BLEWITT) |
| Defendants | : | |

## MEMORANDUM and ORDER

On August 24, 2010, Plaintiff, Frederico Dacenzo, filed three (3) civil rights complaints pursuant to 42 U.S.C. § 1983 against Assistant District Attorney of Luzerne County Shannon Crake, former Luzerne County Court of Common Pleas Judge Peter Paul Olszewski, Jr., and Pennsylvania State Police trooper Michael Gownly and the actions were consolidated under Civil No. 10-1776. (Doc. 13). On December 6, 2010, Plaintiff filed an amended complaint against said Defendants and a new Defendant, District Attorney of Luzerne County Jacqueline Musto-Carroll, seeking, inter alia, declaratory judgment that the court orders which led to Plaintiff's arrest were illegal and all information obtained therefrom was illegally obtained. (Doc. 14). Pursuant to 28 U.S.C. § 1915 initial screening, Magistrate Judge Blewitt issued a Report and Recommendation concluding that Defendant Olszewski should be dismissed because he is entitled to judicial immunity and Plaintiff should be directed to file a second amended complaint against Defendants Musto-Carroll, Crake, and Gownley setting forth specific federal claims against each Defendant. (Doc. 15). On December 29, 2010, Plaintiff filed objections to the Report and Recommendation to which the Defendants failed to respond. (Doc. 17). For the reasons that follow, the Report and Recommendation will be adopted.

1

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. §

636(b)(1)(c), the district court must make a de novo review of those portions of the report to

which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination

where only a general objection to the report is offered would undermine the efficiency the

magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S.

Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify,

in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §

636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In his Report and Recommendation, Magistrate Judge Blewitt initially sets forth the

procedural history of this matter and the factual allegations he could discern from the Complaint,

states the legal standard for a civil rights claim under 42 U.S.C. § 1983 and for a motion to

dismiss, and discusses the initial screening process for a civil complaint by a prisoner requesting

to proceed in forma pauperis. (Doc. 15, pp. 1-10). The Magistrate Judge determines that

Plaintiff's amended complaint clearly violates Federal Rule of Civil Procedure 8 which requires a

statement on the court's jurisdiction, a statement showing the pleader is entitled to relief, and a

demand for the relief sought. (Doc. 15, pp. 10-12). Based on this violation, Magistrate Judge

Blewitt recommends that Plaintiff be permitted to file a second amended complaint against

Defendants Musto-Carroll, Crake and Gownley. (Doc. 15, pp. 11 & 17). The Magistrate Judge

concludes that Defendant Olszewski is entitled to judicial immunity and should be dismissed

2

from this action with prejudice. (Doc. 15, pp. 13). Magistrate Judge Blewitt advises Plaintiff that his claims against the remaining three Defendants may be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), in that Plaintiff may have been convicted of criminal charges based on the court orders. (Doc. 15, pp. 14-16). Additionally, Magistrate Judge Blewitt concludes that Plaintiff does not have standing for the declaratory relief he requests. (Doc. 15, n.8).

Plaintiff's first objection to the Report and Recommendation is an argument that 18 Pa. C.S.A. § 5745, which requires that a provider of electronic communication service delay notification to one of its customers of a court order for government access to contents of electronic communications, was inapplicable to his case. (Doc. 17, pp. 1-2). Plaintiff takes issue that the Report and Recommendation sets forth 18 Pa. C.S.A. § 5743 but makes no mention of 18 Pa. C.S.A. § 5745. Presumably, Plaintiff is arguing that none of the exigent circumstances under the latter statute applied to him and therefore, the state court order was invalid resulting in an illegal search. While this argument may go to the heart of Plaintiff's claims, it fails to raise valid objections to Magistrate Judge Blewitt's Report and Recommendation. The Magistrate Judge correctly concluded that Plaintiff failed to allege that any Defendant violated his constitutional rights and failed to assert a basis for jurisdiction. (Doc. 15, p. 17). This objection addresses none of the reasons for the conclusions and recommendations made by the Magistrate Judge and will be overruled. <u>See</u> (Doc. 15).

In response to Magistrate Judge Blewitt's determination that the amended complaint is in violation of Federal Rule Civil Procedure 8, Plaintiff states that he does not have adequate access to legal books or the computer and he has a ten (10) to fourteen (14) day waiting period for

3

access to the library.[1] (Doc. 17, p. 3). Plaintiff pleads that he is trying to the best of his abilities to follow the Federal Rules of Civil Procedure. (Doc. 17, p. 5). A pro se plaintiff's filings must be held to a less stringent standard than formal pleadings drafted by lawyers, and further, pro se litigants should be given greater leeway where they have not followed the technical rules of pleading and procedure. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Tabron v. Grace, 6 F. 3d 147, 153 n.2 (3d Cir. 1993). However, pro se litigants must nonetheless follow the Federal Rules of Civil Procedure. Thomas v. Norris, 2006 U.S. Dist. LEXIS 64347, *11 (M.D. Pa. 2006). A review of the amended complaint and the Report and Recommendation reveals that this pro se Plaintiff's pleadings were liberally read for his benefit. Plaintiff's amended complaint is not in compliance with Rule 8 and his objections to that determination will be overruled. To the extent Plaintiff argues that the claims he is setting forth are "that all defendants violated my right to privacy, my right to know when an investigation is being made against me, and, by violating 2 statutes, my right against illegal seasure [sic] of private information," he will be given an opportunity to file a second amended complaint in which he can more fully set forth the constitutional rights violated by specific acts of the Defendants. (Doc. 17, p. 3).

Plaintiff also objects to the Magistrate Judge's determination that this Court lacks jurisdiction for Plaintiff's claims. (Doc. 17, p. 4-5). Plaintiff states that Defendants violated the two mentioned state statutes, 18 Pa. C.S.A. § 5743 and 18 Pa. C.S.A. § 5745, and argues that these statutes "are in place to protect the rights of every citizen in the U.S." and that "when the law is broken, it is important that the person or persons responsible admit his or her crime."

---

[1]Based on this averment by Plaintiff, he will be permitted sixty (60) days to file his second amended complaint instead of the twenty (20) days he was permitted to file his first amended complaint.

(Doc. 17, p. 5). Plaintiff is again advised that he will be given an opportunity to file a second amended complaint and he should set forth a statement of this Court's jurisdiction in compliance with Rule 8.

In response to the Magistrate Judge's determination that Defendant Olszewski should be dismissed due to judicial immunity, Plaintiff argues, without citing any caselaw, that judicial immunity does not allow judges to violate statutes and to discretionarily determine which laws to follow. (Doc. 17, p. 4). Having reviewed the Magistrate Judge's analysis, the Undersigned agrees with his recommendation. All actions alleged to have been taken by Defendant Olszewski are based on the performance of his judicial duties and leave to amend Plaintiff's claim against the former judge would be futile. (Doc. 15, n.9).

Plaintiff objects that his action is not barred by <u>Heck</u> because he is not attempting to overturn his conviction but is seeking damages for the violation of his rights. This objection will be denied as moot since the Magistrate Judge made no determination at this point in the proceedings as to whether the matter is barred by <u>Heck</u>. Lastly, the Magistrate Judge's conclusion that Plaintiff lacks standing for his injunctive relief request, to which Plaintiff fails to object, will be adopted.

## Conclusion

Having reviewed the instant record <u>de novo</u>, Plaintiff's Objections will be overruled and the Report and Recommendation will be adopted.

Date: August 26, 2011

_____
**United States District Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICO A. DACENZO,                 :
      Plaintiff                 :
                         :     CIVIL NO. 3:10-CV-1776
     v.                 :
                         :     (JUDGE NEALON)
SHANNON CRAKE, <u>et al.</u>,                 :     (MAGISTRATE JUDGE BLEWITT)
      Defendants                 :

### <u>ORDER</u>

AND NOW, THIS _26_ DAY OF AUGUST, 2011, **IT IS HEREBY ORDERED**

**THAT:**

1.    The Report and Recommendation (Doc. 15) is **ADOPTED**;

2.    Plaintiff's Objections (Doc. 17) are **OVERRULED**;

3.    Plaintiff may file a second amended complaint within sixty (60) days of the date of this Order;

4.    This matter is remanded to Magistrate Judge Blewitt for further proceedings; and

5.    Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

_____
**United States District Judge**