IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1776** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SHANNON CRAKE, *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural History.**

On August 24, 2010, Plaintiff, Frederico A. Dacenzo, an inmate at Green Rock

Correctional Center ("GRCC"), Chatham, Virginia[1], filed, *pro se*, three civil rights actions with this

Court, under 42 U.S.C. § 1983. *See* Civil Action Number 3:CV-10-1776, Civil Action Number

3:CV-10-1777 and Civil Action Number 3:CV-10-1778. Plaintiff also filed *in forma pauperis*

motions in all three cases.

In his Complaint against Defendant Crake, a Luzerne County Assistant District Attorney,

Plaintiff averred as follows:

> She knowingly approved a court order that is both illegal and violates
> my right to know when a person or organization is attempting access to
> my private account information.

---

[1]We note that in *Jones v. Lorady*, Civil No. 11-666, M.D. Pa., the attorney for the PA
DOC Defendants recently represented to this Court that "[d]ue to severe overcrowding issues, the
[PA DOC] entered into agreements with the states of Michigan and Virginia by which Pennsylvania
inmates would be temporarily housed in facilities in those states until the overcrowding crisis had
abated." (Civil No. 11-666, Doc. 48, p. 5). The Plaintiff inmate in the *Jones* case was temporarily
confined in GRCC. Thus, it appears that Plaintiff Dacenzo, a Pennsylvania inmate, was transferred
to GRCC due to overcrowding in Pennsylvania state prisons.

(Doc. 1, p. 2, #10-1776).

In his Complaint against Defendant Olszewski, a former Judge of the Luzerne County Court of Common Pleas, Plaintiff averred as follows:

> Issued court orders for the release of personal account information and illegally ordered the communications company to not inform me, thus violating my right to know, and the companies (sic) privacy policy.

(Doc. 1, p. 2, #10-1777).

In his Complaint against Defendant Gownley, a Pennsylvania State Police ("PSP") Trooper, Plaintiff averred as follows:

> He filed a court order claiming a right to access my private account information.  He didn't want me to know about it, but never filed the proper forms, then neglected to inform me as required by law.

(Doc. 1, p. 2,  #10-1778).

As relief in all three Complaints, Plaintiff basically requested that Defendants admit that they violated his rights and that they illegally obtained (or gave permission to obtain) his private account information from a communications company.  Plaintiff also requested that policies be put in place to prevent the alleged conduct from reoccurring.  Further, Plaintiff requested "maximum monitary (sic) compensation allowable to offset mental stress, anguish, and financial burdens that have resulted from [Defendants' alleged conduct]."

On October 8, 2010, we screened Plaintiff's three Complaints pursuant to the Prison Litigation Reform Act ("PLRA") of 1995[2], since the PLRA obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C.

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

§1915. We issued three Reports and Recommendations ("R&R"), the same R&R in each of Plaintiff's cases, and recommended that the three above-captioned cases be consolidated, that Civil Action Number 3:CV-10-1777 and Civil Action Number 3:CV-10-1778 be closed, and that the matter proceed under Civil Action Number 3:CV-10-1776. Additionally, we recommended that Plaintiff be directed to file one Amended Complaint against all three Defendants adhering to the standards set forth in our R&R's. Further, we recommended that, if Plaintiff failed, within the applicable time period, to file his Amended Complaint adhering to the standards set forth in our R&R's, his action be dismissed. To the extent Plaintiff sought money damages for pain and suffering from Defendants, we found that he was precluded since he did not allege any physical harm Defendant caused him.[3]  Thus, we recommended that Plaintiff's claim for money damages for pain and suffering against Defendants be dismissed.

Finally, we recommended that Plaintiff's consolidated case be remanded to the undersigned for further proceedings. (Doc. 9). *See also Dacenzo v. Crake*, 2010 WL 4781099 (M.D. Pa. 10-8-10).

On November 17, 2010, the District Court issued a Memorandum and Order adopting our R&R's and consolidating Plaintiff's three cases into Civil No. 10-1776. (Doc. 13). *See also Dacenzo v. Crake*, 2010 WL 4781477 (M.D. Pa. 11-17-10). The Court also ordered as follows:

---

[3]As we previously noted, Plaintiff cannot obtain compensatory damages for pain and suffering since he fails to allege any physical injury. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E.D. Pa. 2009).

3.      The Clerk of Court shall mark Civil Nos. 10-1777 and 10-1778 **CLOSED**;

4.      Plaintiff may file an amended complaint within twenty (20) days of
the date of this Order and his failure to do so will result in a decision
being reached on his Amendment filed on November 1, 2010 (Doc. 11);

5.      This matter is remanded to Magistrate Judge Blewitt for further
proceedings; and

6.      Any appeal will be deemed frivolous, lacking merit, and not taken
in good faith.

(*Id.*, pp. 6-7).

On December 6, 2010, Plaintiff filed his one complete Amended Complaint against the

original three Defendants as well as a new Defendant, Jacqueline Musto-Carroll, former District

Attorney of Luzerne County, Pennsylvania.  (Doc. 14).  Plaintiff's Amended Complaint consisted

of four handwritten pages, and it is again in clear violation of Fed. R. Civ. P. 8.

In his Amended Complaint, Plaintiff averred that on November 21, 2008, Defendant

Gownley, a PSP Trooper with the computer crimes task force, filed two applications for court orders

with the Luzerne County Court of Common Pleas ("CCP") seeking to obtain his private account

information for his two "IP Addresses."[4] (Doc. 14, p. 1).  Plaintiff alleged that in both applications,

---

[4]In *U.S. v. Diyn*, 2008 WL 2795942, *1, n. 3 (W.D. Pa. 7-18-08), the Court noted that
"IP number is the Internet Protocol number; this is the identifying number for each computer that
is necessary for it to connect to the Internet."  In *U.S. v. Abraham*, 2006 WL 3052702, *5 (W.D.
Pa. 10-24-06), the Court stated that "an IP address is a unique identifier."
In *U.S. v. Vosburgh*, 602 F. 3d 512, 517, n. 3 (3d Cir. 2010), the Third Circuit noted that
"an IP address is a number assigned to each device that is connected to the Internet.  The Third
Circuit also noted "in general an IP address for a device connected to the Internet is unique in the
sense that no two devices have the same IP address at the same time."

Defendant Gownley relied upon 18 Pa. C.S.A. §5743 as authority for the release of his personal account information for his IP addresses.[5]

---

[5] 18 Pa.C.S.A. § 5743, Requirements for governmental access, provides, in part, as follows:

**(a) Contents of electronic communications in electronic storage**.--Investigative or law enforcement officers may require the disclosure by a provider of electronic communication service of the contents of an electronic communication which is in electronic storage in an electronic communication system for:

(1)  One hundred eighty days or less only pursuant to a warrant issued under the Pennsylvania Rules of Criminal Procedure.

(2) More than 180 days by the means available under subsection (b).

**(b) Contents of electronic communications in a remote computing service. --**

(1) Investigative or law enforcement officers may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2):

(i)     **without required notice to the subscriber or customer if the investigative or law enforcement officer obtains a warrant issued under the Pennsylvania Rules of Criminal Procedure**; or

(ii)    with prior notice from the investigative or law enforcement officer to the subscriber or customer if the investigative or law enforcement officer:

(A) uses an administrative subpoena authorized by a statute or a grand jury subpoena; or

(B) obtains a court order for the disclosure under subsection (d);

(2) Paragraph (1) is applicable with respect to an electronic communication which is held or maintained on that service:

(i)     On behalf of and received by means of electronic transmission from, or created by means of computer

Plaintiff alleged that Defendant (former) DA Musto-Carroll and Defendant ADA Crake, as well as Defendant Trooper Gownley, signed both applications and that the applications requested, in part, that the CCP "order Frontier Communications, Inc., ... not to disclose this request and/or the subsequent providing of information to the user/subscriber ... until further order of this court." Plaintiff also averred that on November 21, 2008, Defendant (former) DA Musto-Carroll and Defendant ADA Crake "looked over and approved the application[s] for both court orders, with attached affidavits [each affidavit was 11 pages], ignoring all of the [alleged violations of §5743]." (*Id.*, p. 3).

Additionally, Plaintiff alleged that on November 21, 2008, Defendant former CCP Judge Olszewski approved of the applications by court orders, and that this Defendant signed and dated the orders at the exact same time. Plaintiff stated that it was not possible for Defendant former CCP Judge Olszewski to have read both applications each with their 11-page affidavit attached and to have signed both orders at the exact same time. Plaintiff alleged that former CCP Judge

---

                      processing of communications received by means of electronic transmission from, a subscriber or customer of the remote computing service.

    (ii)      Solely for the purpose of providing storage or computer processing services to the subscriber or customer, if the provider is not authorized to access the contents of any such communication for the purpose of providing any services other than storage or computer processing.

Emphasis added.

We note that Plaintiff quoted from §5743 in his Amended Complaint, Doc. 14, p. 2.

Olszewski either "read them as one, ignored the violations of [§5743], and issued them anyway, or he never read either one rubber stamping his name on whatever was placed before him." (*Id*.). Plaintiff further averred that "both the DA and ADA would have noticed this, and would have a responsibility to rectify it.  They did not.  Trooper Gownley would have noticed the time stamp on the court orders and should have rectified it.  He did not." (*Id*.).

> As relief in his Amended Complaint, Plaintiff requested as follows:
>
> I am seeking 1st: legal documentation that both court orders were illegal and all information obtained by them is illegally obtained information.
> 2nd: an investigation to determine how many times the defendants used this to violate peoples rights
> 3rd: policies and procedures put into place to prevent this from happening again.
> 4th: monetary restitution.  The damage done to me was not physical, but there was damage done.  I chose Verizon in part for the price of services, and in part for their privacy policies and procedures which can be found in any Verizon Phone Book.  Part of the cost of services is for privacy and protection from identity theft, fraud, illegal access of any kind, etc.  Issuing illegal court orders to gain information makes that worthless.  Verizon does not see the applications for court orders or the affidavits.  They would have no way of knowing if a persons rights were violated.  The damage done to me is from the violation of my rights, monetary loss, and added monetary expenses from filing legal documents.  Not to mention, this damages my faith in our justice system if those in authority can ignore the wording and spirit of the statutes, violate our rights, and nothing is done to correct, discipline or prevent these actions.

(*Id*., p. 4).[6]

---

[6]As we previously noted, to the extent that Plaintiff is seeking monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Walker v. Beard*, 244 Fed. Appx. 439, 440-441 (3d Cir. 2007); *Atwell v. Schweiker*, 274 Fed. Appx. 116, 118 (Non-Precedential) (3d Cir. 2007).  Plaintiff does not state in his Amended Complaint in what capacity he sues Defendants.

On December 16, 2010, we screened Plaintiff's Amended Complaint and submitted an R&R recommending that the Plaintiff's Amended Complaint be dismissed with prejudice as against Defendant Olszewski.  (Doc. 16).  We also recommended that the Plaintiff be directed to file a Second Amended Complaint against the remaining three Defendants, namely, (former) DA Musto-Carroll, ADA Crake, and Trooper Gownley.  Further, we recommended that Plaintiff's claim under 18 Pa.C.S.A. §5743 be dismissed for lack of jurisdiction, that Plaintiff's request for declaratory relief be dismissed, and that the case be remanded to the undersigned for further proceedings.

On August 26, 2011, the District Court issued a Memorandum and Order adopting our R&R.  The District Court overruled Plaintiff's objections, and stated that Plaintiff may file a Second Amended Complaint within sixty (60) days of the date of the Order. The Court remanded the matter to the undersigned for further proceedings.

On October 6, 2011, Plaintiff filed a motion for extension of time to file his Second Amended Complaint, which was granted in part with a thirty (30) day extension, until November 25, 2011, to file his stated pleading.

On November 25, 2011, Plaintiff filed his Second Amended Complaint against remaining three Defendants: Crake, Gownley, and Musto-Carroll.  (Doc. 38).  Plaintiff's Second Amended Complaint consists of six typed pages.

In his Second Amended Complaint, Plaintiff avers the above violations of §5743 that the customer or subscriber need be notified of the access to the contents of electronic communications by the investigative or law enforcement officer.  Plaintiff further avers that under § 5743(b)(ii) delay of notification may be given pursuant to Act, 18 Pa. § 5745, and that § 5745(a)(2) states five reasons

why delayed notice may be given.  Plaintiff alleges that  none of these reasons apply to him.  Plaintiff avers that because none of the reasons listed applies to him,  no evidence exists to grant a delay of notice.  Further, Plaintiff states that there were no reasons listed for delay of notice in the applications for the court order or in the affidavits.  Plaintiff also alleges that at no time was he informed of access to his electronic communications, as Plaintiff claims is  necessary according to 52 Pa. Code 63.135(6)(iii).

In his Second Amended Complaint, Plaintiff alleges that Defendant Trooper Gownley violated his  First and Fourteenth Amendment rights by failing to file a delay or notice or failing to give proper notice as Plaintiff alleges is required by §5743(b)(ii).  Plaintiff also alleges that Defendant Trooper Gownley's actions are  in opposition to court orders that the communication company should not "'disclose this request . . . until further order of this court.'" (*Id.*, p. 3).  Plaintiff further alleges that both court orders are illegal documents because of the  the failure to file delay of notice or give Plaintiff proper notice and that these documents are in violation of Plaintiff's Fourth Amendment rights.  Because Plaintiff alleges that the court orders are illegal, Plaintiff further avers that when Defendant ADA Crake filled out the applications she failed to file the delay of notice and therefore violated his Fourth Amendment rights, and that when Defendant former DA Musto-Carroll reviewed and approved these documents she neglected to make sure ADA Crake was following procedure and therefore violated Plaintiff's First, Fourth, and Fourteenth Amendment rights.

As relief in his Second Amended Complaint, Plaintiff requests the following:

    A. Compensatory damage in the amount of $103,209.99.
    B.  Punitive damage in the amount of $225,000.00, per defendant.

C. Legal fees in the amount of $1,050.00.
D. Such and other further relief as the court may deem appropriate under the circumstances.

*(Id.* p. 4).

On November 28, 2011, we issued an Order granting the Plaintiff's Motion to Proceed *in forma pauperis*.  (Doc. 39).  We also ordered that the three remaining Defendants be served with Plaintiff 's Second Amended Complaint under FRCP 4.  Further, we ordered that the clerk terminate Olszewski as a Defendant, as he was not named in the Second Amended Complaint.

On January 30, 2012, Defendant Gownley filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (**Doc. 47**) on the grounds that it "failed to state a federal claim upon which relief can be granted" and, upon the basis  that the Plaintiff's identity was obtained only through the court order commanding information from Verizon and that "any order from the Court holding that the information was illegally obtained would impugn the validity of the plaintiff's underlying conviction." (*Id.,* p. 2).  Under the above reasoning and the law stated in *Heck v. Humphrey*, Defendant Gownley claims that the actions cannot be maintained as Plaintiff's conviction has not been reversed on direct appeal or impaired by collateral proceedings. (*Id.,* Exhibit 2**,** a copy of Plaintiff's Lycoming County Court of Common Pleas criminal docket, case # CP-41-CR-74-2009, reflecting Plaintiff's conviction).  Defendant Gownley requests as relief in his motion that Plaintiff's  Second Amended Complaint be dismissed.

On January 31, 2012, Defendants ADA Crake and former DA Musto-Carroll filed a Motion to Dismiss (**Doc. 49**) the Plaintiff's Second Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that it failed to state a cognizable claim for which relief could be granted, and they asserted that the claims "suffer from speculation and unintelligibility." (*Id.*, p. 4).  Defendants ADA Crake and former DA Musto-Carroll also aver that Plaintiff's claims are barred by *Heck v. Humphrey* as supported by Defendants' submission of Exhibit A, a copy of Plaintiff's Lycoming County Court of Common Pleas criminal docket, case # CP-41-CR-74-2009.  (Doc. 49**,** Exhibit A).  Defendants ADA Crake and former DA Musto-Carroll request that Plaintiff's Second Amended Complaint be dismissed.

On February 13, 2012, Defendants ADA Crake and former DA Musto-Carroll submitted a Brief (Doc. 51) in Support of their Motion to Dismiss (Doc. 48).

Defendants ADA Crake and former DA Musto-Carroll first argue that Plaintiff's main claim regarding his allegations that "Defendants illegally obtained evidence from his Internet Protocol ("IP") number" challenges the orders permitting collection of the IP information which in turn "necessarily and impermissibly challenges the lawfulness of Plaintiff's conviction." (*Id.*, pp. 7-8)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Under *Heck*, Defendants contned that the Plaintiff:

> must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

11

(*Id.*, p. 7) (citing *Heck*, 512 U.S. 477, 486-87).

Under *Heck* and its progeny, Defendants ADA Crake and former DA Musto-Carroll argue that Plaintiff's claim is barred as he has not demonstrated that his Lycoming County conviction for multiple counts of  Sexual Abuse of Children - Possession of Child Pornography, 18 Pa.C.S.A. §6312, and his conviction for Criminal Use of Communication Facility, 18 Pa.C.S.A. §7512, which were obtained, in part, *via* the information our Defendants discovered through Plaintiff's IP address, was overturned by the state court or invalidated by a §2254 habeas petition. Defendants refer to their Exhibit A, which, as stated, is a copy of Plaintiff 's Lycoming County Court criminal docket showing Plaintiff's conviction and showing that Plaintiff's conviction was not overturned on appeal.   (Doc. 49).[7]  Nor was Plaintiff 's January 15, 2010 sentence imposed by the Lycoming County Court overturned.

Defendants ADA Crake and former DA Musto-Carroll further aver that Plaintiff's Second Amended Complaint does not adhere to Rule 8 of the Federal Rules of Civil Procedure. Defendants argue that under the *Iqbal-Twombly* standard (*See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), Plaintiff's Second Amended Complaint does not meet the standard of plausibility required to survive a motion to dismiss.  Defendants derive this standard from *Fowler (Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)); the two part analysis for determining sufficiency of a complaint is (1) that the factual and legal elements of the claim be separated, and well pleaded facts must be accepted as true but legal

---

[7]We take judicial notice of  Plaintiff's Lycoming County Court criminal docket since it is a state court record.

conclusions may be dismissed, and (2) the District Court may then determine whether the facts alleged are "sufficient to show a 'plausible claim for relief.'" (*Id.*, p. 9). Defendants claim that Plaintiff's Second Amended Complaint "does not clearly indicate exactly what claims he is raising against Defendants." (*Id.*, p. 11). Defendants further claim that Plaintiff's Second Amended Complaint "vaguely cites to various constitutional amendments" but that he "fails to articulate, in any manner, the constitutional right infringed upon by Defendants as required to pursue a claim under Section 1983." (*Id.*, pp. 11-12). Defendants state that for the aforementioned reasons, Plaintiff's Second Amended Complaint must be dismissed.

On February 13, 2012, Defendant Officer Gownley submitted a Brief (Doc. 52) in Support of his Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 47). Defendant Gownely first argues that Plaintiff 's Second Amended Complaint fails to state a federal claim upon which relief can be granted because Plaintiff's contention that Defendant Gownley's alleged failure to follow state law does not amount to a constitutional violation. Defendant Gownley contends that the Plaintiff cannot establish a due process claim by asserting a violation of state law (*i.e.* the above stated claims Plaintiff made regarding violations of the Pa. Code sections requiring notice by law enforcement of a search of electronic communications). Defendant Gownley further argues that a search performed in violation of state law is not a *per se* violation of the Fourth Amendment. Therefore, Defendant Gownley maintains that Plaintiff's Second Amended Complaint "only asserts facts which might amount to a violation of state law. It contains no facts which plausibly state a claim against any constitutional or other federal provision." (Doc. 52, p. 5).

13

Second, as Defendants ADA Crake and former DA Musto-Carroll contend above, Defendant Gownley asserts that Plaintiff may not challenge the Luzerne County Court Order regarding the information obtained from Plaintiff's internet provider because such a challenge would impugn the validity of the Plaintiff's underlying Lycoming County conviction.  Defendant Gownley cites to *Heck* as well as *Preiser* (*Preiser v. Rodriguez*, 411 U.S. 475 (1973)) as support that Plaintiff may not challenge the validity of his Lycoming County conviction through the pursuit of money damages in a civil rights action.  Defendant further claims that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

(*Id.*, p. 5) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Williams v. Cosovoy*, 453 F.3d 173, 177 (3d Cir. 2006)).

For the above reasons, Defendant Gownley requests Plaintiff's Second Amended Complaint be dismissed.

On February 14, 2012, Plaintiff Dacenzo submitted a Brief in Opposition (Doc. 53) to Defendants ADA Crake and former DA Musto-Carroll's Motion to Dismiss. (Doc. 48), and Defendant Gownley's Motion to Dismiss (Doc. 47).  Plaintiff claims that his last opportunity to file a Post Conviction Relief Act ("PCRA) Petition in state court to collaterally appeal his Lycoming County conviction, was in January 2011.  Plaintiff further claims that "unless evidence is obtained that would prove Plaintiffs (sic) innocence, Plaintiff is unable to overturn [his]

conviction." (Doc. 53, p. 1).  Plaintiff then claims that this civil rights action will not prove his

innocence and therefore will not impugn the validity of his underlying Lycoming County

conviction, and "[i]t is for this reason Plaintiff believes Heck V. Humphrey (sic) dose (sic) not

apply to this Civil Action (sic)." (*Id.*, p. 1).

In response to all Defendants' contention that he does not state a claim upon which

relief may be grated, Plaintiff argues that he is claiming a violation of his constitutional rights and

that "[a] violation of one's Constitutional Rights (sic) is a federal claim upon which relief can be

granted." (*Id.*, p. 1).  Plaintiff avers that the burden of proof for a motion to dismiss lies with the

Defendants, and he claims that Defendants "have not shown proof needed to grant a dismissal

of Plaintiffs (sic) claims." (*Id.*, p. 1). Plaintiff therefore requests that both Motions to Dismiss be

denied.

On February 28, 2012, Defendant ADA Crake and Defendant former DA Carroll-

Musto filed a Reply Brief (Doc. 55) in regard to their Motion to Dismiss Plaintiff's Second

Amended Complaint.  Defendants Crake and Musto-Carroll claim that unless Plaintiff's state

court Lycoming County conviction is invalidated, Plaintiff may not bring a § 1983 claim

challenging his underlying criminal conviction.  Defendants Crake and Musto-Carroll also claim

that it is irrelevant whether Plaintiff has or is currently seeking relief *via* a PCRA Petition.  As

support, Defendants Crake and Musto-Caroll cite *Johnson v. Duffy*, No. Civ.A. 94-5565, 2004

WL 1278016, *2 (E.D. Pa. June 8, 2004).  Defendants Crake and Musto-Carroll claim that as

Plaintiff "has admittedly been unsuccessful in having his conviction or sentence reversed,

expunged, invalidated, or impugned by the granting of a writ of habeas corpus" (*Id.*, p. 3), his

Second Amended Complaint should be dismissed for the foregoing reasons, including their

contention that it is *Heck* barred.

On April 18, 2012, Plaintiff filed a Brief in Support of his objection to Defendants'

Motions to Dismiss.  (Doc. 59).  Plaintiff argues that his Second Amended Complaint "states

clearly" how the Defendants violated his constitutional rights:

> The laws in place to protect our private account
> information are there because of our constitutional
> rights.  When any government agency wants access
> to this private information, they must follow a set of
> procedures.  This is due prossess (sic).  Due Prossess
> (sic), along with our other constitutional (sic) rights, is
> a matter for the federal (sic) courts.  Especially when
> the laws written are done in such a way as to allow
> the police to gather evidence without violating our
> rights, or when that law itself is a violation of said
> rights.

(*Id.*, p. 1).

Further, Plaintiff avers that his Second Amended Complaint should not be dismissed

under *Heck* because "a ruling in my favor would not invalidate the search warrent (sic)" and

therefore, "ruling the court orders (sic) a violation of my constitutional (sic) rights would not

invalidate my conviction.  This means that **<u>HECK</u>** DOSE (sic) NOT APPLY." (emphasis in original)

(*Id.*, p. 1).  For the stated reasons, Plaintiff requests that the Motion to Dismiss by Gownley, and

the Motion to Dismiss by Crake and Musto-Carroll be denied.

On May 3, 2012, Defendants former DA Musto-Carroll and ADA Crake submitted a

reply brief in support of their Motion to Dismiss.  (Doc. 60).  Defendants reiterated their

argument under *Heck* that Plaintiff's conviction has not been reversed, expunged, invalidated,

or impugned by a state court appeal or by the granting of a writ of habeas corpus, and therefore, Defendants contend that Plaintiff's Second Amended Complaint must be dismissed as it is barred by *Heck*. Defendants conclude that "for the foregoing reasons as well as those previously put forward Defendants respectfully request this Honorable Court grants their motion to dismiss Plaintiff's second amended complaint." (Doc. 60, p. 5).

To the extent Plaintiff's case is a civil rights Complaint pursuant to 42 U.S.C. §1983 claiming a violation of his constitutional rights, *i.e.* his rights under the First Amendment and Fourth Amendment as well as his Fourteenth Amendment due process rights, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. §1331 and §1343(a).

## II. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M.D. Pa.); *Sims v. Piazza*, 2009 WL 3147800, *16 (M.D. Pa.).

---

[8]Plaintiff alleged in his second amended pleading that the three remaining individual Defendants were state agents.

### III.  Motion to Dismiss Standard.

In  *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa. 2-2-10), 712 F.

Supp. 2d 332,  the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard
> applicable to a motion to dismiss in light of the United States Supreme Court's
> decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal, -*
> *-- U.S. ----,* 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint
> must contain sufficient factual matter, accepted as true to 'state a claim that relief is
> plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570).
> The Court emphasized that "only a complaint that states a plausible claim for relief
> survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining
> whether a complaint states a plausible claim for relief will ... be a context-specific task
> that requires the reviewing court to draw on its judicial experience and common
> sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d
> Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and
> provided a road map for district courts presented with a motion to dismiss for failure
> to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC*
> *Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal
>
> elements of a claim should be separated. The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard any legal conclusions. [
> *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible
> claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a
> plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its
> facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the
> Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct, the complaint has
> alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129
> S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that
> requires the reviewing court to draw on its judicial experience and common sense."
> *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the
> same deference as well-pled facts. In other words, "the court is 'not bound to accept
> as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers*

*Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009); *Hollingsworth v. Range Resources-Appalachia, LLC*, Civil No. 09-0838, M.D. Pa., 10-28-09 Memorandum, slip op. pp. 4-5(Plaintiff must "describe 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' each necessary elements of the claims alleged in the complaints.")(citations omitted); *George v. PA DOC*, 2010 WL 936778, * 1 - * 2 (M.D. Pa. 3-11-10).

**IV. Discussion.**

Initially, as Defendants point out, we find that Plaintiff's Second Amended Complaint, which consists of four typed pages, is again in clear violation of Fed. R. Civ. P. 8, despite our prior R&R advising Plaintiff as to the requirements of Rule 8 and §1983.  (Doc. 15). For example, Plaintiff does not state how this Court has jurisdiction over his action, and his constitutional claims against Defendants are vague and do not cite actual violations of any Constitutional Amendments.   Also, Plaintiff's claims  that Defendants' conduct violated state law do not amount to constitutional claims under §1983.  *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499.

As we stated in our December 16, 2010 R&R, *pro se* parties are accorded substantial deference and liberality in federal court.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief

sought by the pleader.  *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted."); *Klein v. U.S. Bank, N.A.*, Civil No. 10-1690, M.D. Pa.

In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's Second Amended Complaint, like his original Complaint, and his Amended Complaint, is in clear violation of Rule 8.  In his Second Amended Complaint, Plaintiff asserts that each of the Defendants violated his First, Fourth, and Fourteenth Amendment rights, which he claims protect his "rights to know when the government accesses the contents of his electronic communications, illegal seizure of information, and due process." (Doc. 38, p. 3).  Even taking into account the fact that Plaintiff is proceeding *pro se*, as Defendants correctly contend, his Second Amended Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff filed this action against the DA, the ADA, and the state trooper alleging they violated his First, Fourth, and Fourteenth Amendment rights by applying for and obtaining court orders from the Luzerne County Court directing a communications company to release his

personal account information about his Internet Protocol ("IP") addresses and by failing to

inform him that they were obtaining his personal account information.  It is apparent that

Defendants suspected  Plaintiff of using his computer to access child pornography.  Specifically,

Plaintiff alleges that Defendant Gownley violated his Fourth Amendment right by "issuing illegal

court orders to gain [his] information" from Verizon, and he claims that any evidence about his

IP addresses was illegally obtained by Defendants.   Plaintiff then alleges that Defendants ADA

Crake and former DA Carroll-Musto violated his First, Fourth, and Fourteenth Amendment rights

by signing and approving of the applications for court orders used to obtain the information

from the service provider.   As stated, Plaintiff's Lycoming County Court criminal docket

indicates that Plaintiff plead guilty to several counts of possession of child pornography.

We agree with Defendants and find that the bare allegations set forth in Plaintiff's

Second Amended Complaint with respect to Plaintiff's constitutional claims, *i.e.* First

Amendment claims, Fourth Amendment claims, and Fourteenth Amendment claims, do not

amount to violations of his rights.  Thus, we find that Defendants are correct in that Plaintiff

does not state any cognizable violations of his constitutional rights.

Further, Plaintiff claims that he had a "right to know" regarding the access by

Defendants to his IP information which he states is protected under the First Amendment.

(Doc. 38, p. 3).  The "right to know" is not a cognizable constitutional claim.

Plaintiff also claims that there was an illegal seizure of his IP information under the

Fourth Amendment precipitated by all three Defendants.

In *Gale v. Stori*, 608 F.Supp. 2d 629, 635 (E.D. Pa. 2009), the Court stated:

The Fourth Amendment guarantees "the right of the people to be secure in
their persons, houses, paper, and effects, against unreasonable searches and
seizures." U.S. Const. Amend. IV.  The ability to exercise one's Fourth
Amendment right, however, is limited.  It is considered a "personal right that
must be invoked by an individual. . . . [T]he extent which [it] protects people
may depend upon where those people are."  *Minnesota v. Carter*, 535 U.S.
83, 88 (1998) (internal citation omitted); *see also Katz v. United States*, 389
U.S. 347, 351 (1967) ("The Fourth Amendment protects people, not places.")
The Supreme Court has limited the "capacity to claim the protection of the
Fourth Amendment" to those who have a "legitimate expectation of privacy in
the invaded place."  *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).  Moreover,
the expectation of privacy must be a "reasonable one."  *Florida v. Riley*, 488
U.S. 445, 455 (1989) (O'Conoor, J., concurring).

The Court of Appeals for the Third Circuit has stated the following:

The fundamental task of any Fourth Amendment analysis is assessing the
reasonableness of the government search.  If the search is reasonable, there is
no constitutional problem, for the Fourth Amendment only protects
individuals from unreasonable searches and seizures.  Determining whether a
search is reasonable depends on all the circumstances surrounding the search
or seizure and the nature of the search or seizure itself, and involves balancing
on the one hand, the degree to which [the search] intrudes upon individual's
privacy and, on the other hand, the degree to which [the search] is needed for
the promotion of legitimate government interests.

*United States v. Sczubelek*, 402 F.3d 175, 182 (3d Cir. 2005) (citations and quotation marks

omitted).

Defendants maintain that Plaintiff 's claims under the Fourth and Fourteenth

Amendment are *Heck* barred.  We agree with Defendants that Plaintiff's Fourth and Fourteenth

Amendment claims against them regarding Plaintiff's criminal conviction in Lycoming County

are barred by the *Heck* favorable termination rule.[9]   As we stated in our December 16, 2010

R&R, Plaintiff's claims that the three Defendants violated his First, Fourth, and Fourteenth

Amendment rights by "obtaining illegal court orders to gain [his] information" from Verizon, and

that they illegally obtained evidence from his IP addresses, may be *Heck* barred to the extent

that Plaintiff was convicted of any criminal charges based on this information.   Defendants now

state that their Exhibits, *i.e.* Plaintiff 's Lycoming County Court Criminal Docket, show Plaintiff

was convicted of child pornography and convicted.   Defendants further state that "[b]ecuase

Plaintiff 's identity was obtained through the court order commanding Verizon Internet Service,

Inc., to provide subscriber information, any order from this [federal] Court holding that that

information was illegally obtained would impugn the validity of the Plaintiff 's underlying

conviction."   (Doc. 47, p. 2).

> Plaintiff alleges that the illegal search and seizure of his records regarding his IP

addresses  by Defendants, which were possessed by Verizon, violated his

 constitutional rights with respect to his Lycoming County Court criminal case.[10]   As stated,

Plaintiff's Lycoming County Criminal Docket indicates that Plaintiff pled guilty to several counts

of possession of child pornography and that he was sentenced on these charges.

Neither Plaintiff's Lycoming County conviction nor sentence has been overturned or

---

[9]*See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

[10]As stated above, Defendants submitted  copies of Plaintiff's Criminal Docket  from the Court of Common Pleas of Lycoming County, No. CP-41-CR-74-2009.  The Docket Sheet indicates that Plaintiff has been convicted and sentenced in his Lycoming County criminal case and that his criminal conviction has not been overturned or invalidated.

invalidated.

In *Holmes v. Holmes v. Dreyer*, 2010 WL 3791360, *3 (E.D. Pa. 9-28-10), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364 (1994),
> the United States Supreme Court held that [I]n order to recover damages
> for allegedly unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed  on direct appeal, expunged by executive
> order, declared invalid by a state
> tribunal authorized to make such determination, or called into question
> by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or sentence
> that has *not* been so invalidated is not cognizable under § 1983. *Id.* at
> 486-87 (footnotes omitted).
>
> Furthermore, "a state prisoner's § 1983 action is barred (absent prior
> invalidation)-no matter the relief sought (damages or equitable relief),
> no matter the target of the prisoner's suit (state conduct leading to
> conviction or internal prison proceedings)- *if* success in that action
> would necessarily demonstrate the invalidity of the confinement or its
> duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242,
> 161 L.Ed.2d 253 (2005) (emphasis in original). Thus, unless plaintiff
> can demonstrate that his conviction or sentence has been invalidated,
> this civil rights action is barred. Here, plaintiff's claims that he was
> maliciously prosecuted, denied effective legal representation, wrongly
> convicted, and denied due process, if proven, would "necessarily
> demonstrate the invalidity of the confinement or its duration." *Id.*
> However, because there has been no showing of an invalidated
> conviction or sentence, this civil rights action is barred, and plaintiff's claim
> for damages arising from his criminal prosecution and appeal must be
> dismissed.  Thus, even if plaintiff had stated a cognizable violation of his
> civil rights by any of the defendants in this case, which he has failed to
> do, this complaint would still be dismissed as legally frivolous.

*See also Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009).

In *White v. Probation Office*, 2008 WL 3837045, *5 (M.D. Pa. 8-13-08), the

Court stated:

Claims asserting unlawful search and seizure, like those asserting unlawful arrest, may be foreclosed by *Heck* when they constitute a fundamental attack on evidence essential to a criminal conviction. Thus, a plaintiff will be precluded from challenging the seizure of evidence if the plaintiff's criminal conviction would be unsustainable absent the fruit of the seizure. *See Gibson,* 411 F.3d at 452 (holding that plaintiff's challenge to a search that yielded controlled substances was impermissible under *Heck* because the "drugs were the only evidence supporting the drug charges" against the plaintiff); *James v. Superior Court of N.J. Bergen County,* No. Civ. A. 07-4683, 2007 WL 3071794, at * (sic) (D.N.J. Oct. 19, 2007) ("[C]ases in which the only evidence supporting a conviction is tainted by a possible constitutional violation are perhaps the quintessential example of when the *Heck* deferred accrual rule is triggered." (internal quotation omitted)). However, *Heck* does not foreclose suits that attack a limited quantum of the evidence supporting the plaintiff's conviction if the remaining non-challenged evidence is alone sufficient to sustain the conviction. *Gibson,* 411 F.3d at 450.

Since Plaintiff has been convicted regarding the charges filed against him in the Lycoming County case No. CP-41-CR-74-2009, it is clear that Plaintiff is not attacking only a limited amount of evidence which, in his present action, he claims was illegally seized by Defendants. It is also clear that the other non-challenged evidence against Plaintiff would not have been sufficient to sustain a conviction. Thus, it is clear that there was not sufficient evidence extraneous to the documents and records  Defendants obtained from Verizon regarding Plaintiff's IP addresses existed to establish a criminal conviction of Plaintiff in Lycoming County case No. CP-41-CR-74-2009.

Therefore, we agree with Defendants and  find all of Plaintiff's claims against them are *Heck* barred.  *See White, supra; Holmes, supra.*   We find that Plaintiff's instant claims relating to an illegal search or an improper arrest are barred by *Heck* since they undermine the validity of his conviction in his Lycoming County case No. CP-41-CR-74-2009.  Hence, we concur with Defendants and find that  *Heck* precludes Plaintiff's ability to challenge, in a §1983 action, the constitutionality of the searches performed by Defendants.

We find that Plaintiff's claims in this case against Defendants former DA Musto-Carroll, ADA Crake, and Trooper Gownley, since they have a collateral effect on his underlying criminal conviction and sentence, are *Heck* barred.  Thus, any claim for damages by Plaintiff in this case would impugn the validity of his criminal conviction and sentence which was based on the information Defendants obtained from his IP addresses.  As such, Plaintiff's constitutional claims against Defendant are precluded by *Heck*.  *See Washam v. Stesis*, 321 Fed. Appx. 104, 105 (3d Cir. 2009); *Biddings v. Dobbin*, 2010 WL 468062, *3.

Accordingly, we will recommend that Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint (Docs. 47 & 48) be granted. We will recommend that Plaintiff's Second Amended Complaint be dismissed with prejudice.  Plaintiff has already been afforded two opportunities to amend his claims against Defendants and he has failed to do so in a manner required to state cognizable constitutional claims against them.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002);  *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Based on the above, we find futility in allowing Plaintiff for a third time to amend his pleading as well as undue prejudice to Defendants.

**V.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint (**Docs. 47 and 48**) be granted. It is also0 recommended that Plaintiff's Second Amended Complaint (**Doc. 38**) be dismissed with prejudice against all three remaining Defendants, namely, former DA Musto-Carroll, ADA Crake, and Trooper Gownley.

       **s/ Thomas M. Blewitt** 
      **THOMAS M. BLEWITT**
      **United States Magistrate Judge**

**Dated: June 18, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1776** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SHANNON CRAKE, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 18, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  June 18, 201**2