FILED
SCRANTON

AUG 1 6 2012

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICO A. DACENZO,
    Plaintiff

    v.

SHANNON CRAKE, et al.,
    Defendants

CIVIL NO. 3:10-CV-1776

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

On November 25, 2011, Plaintiff, Frederico Dacenzo, filed a second amended complaint in the above-captioned action, naming as Defendants Jacqueline Musto-Carroll, former District Attorney of Luzerne County, Shannon Crake, Assistant District Attorney of Luzerne County, and Michael Gownley, Pennsylvania State Police ("PSP") trooper. (Doc. 38). Plaintiff claims that Defendants wrongfully obtained court orders for the release of his private account information and prohibited the disclosure of the requests to him. (Id.). In January, 2012, Defendants filed motions to dismiss the second amended complaint. (Docs. 47- 48). On June 18, 2012, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") recommending that the motions to dismiss be granted and the second amended complaint be dismissed with prejudice. (Doc. 61). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Background

On August 24, 2010, Plaintiff filed three civil rights actions pursuant to 42 U.S.C. § 1983. First, Plaintiff filed a complaint in the above-captioned action against Shannon Crake, Esquire, alleging that she approved an illegal court order that violated Plaintiff's right to know when

1

someone is attempting to access his private account information. Second, Plaintiff filed a complaint against former Luzerne County Court of Common Pleas Judge Peter Paul Olszewski, Jr., alleging that he issued an order for the release of personal account information and illegally directed the communications company not to inform Plaintiff thereof. See Case No. 3:10-cv-1777 (M.D. Pa.). Third, Plaintiff filed a complaint against Trooper Michael Gownley alleging that the Trooper did not file the proper forms for a court order to access Plaintiff's account information and failed to inform Plaintiff of the request. See Case No. 3:10-cv-1778 (M.D. Pa.).

On October 8, 2010, Magistrate Judge Blewitt filed a R&R recommending that the three cases be consolidated under the above-captioned docket number. (Doc. 9). The R&R also recommended that Plaintiff be directed to file one amended complaint against all defendants clearly setting forth the claim as required by Federal Rule of Civil Procedure 8 because the original complaints did not comply with the notice pleading standards and lacked sufficient allegations to establish constitutional violations. (Id.). After the time to file objections had expired, Plaintiff filed an Amendment "at the request of the court." (Doc. 11). On November 17, 2010, this Court adopted the R&R. (Doc. 13). The Undersigned offered no opinion as to the sufficiency of the Amendment, afforded Plaintiff an opportunity to file another amended complaint, and advised that if an amended complaint was not timely filed, the Amendment would be screened. (Id.).

On December 6, 2010, Plaintiff filed an amended complaint against the original three Defendants and also named as Defendant former District Attorney Jacqueline Musto-Carroll. (Doc. 14). On December 16, 2010, Magistrate Judge Blewitt filed an R&R recommending that Plaintiff be directed to file a second amended complaint because he again failed to comply with

Rule 8 of the Federal Rules of Civil Procedure, again failed to sufficiently allege that Defendants violated his constitutional rights, and because his claims may be barred by Heck.[1] (Doc. 15). Additionally, the R&R recommended that the amended complaint be dismissed with prejudice as to Defendant Olszewski based on absolute judicial immunity. (Id.). On August 26, 2011, after considering Plaintiff's objections, this Court adopted the R&R. (Doc. 29).

On November 25, 2011, Plaintiff filed a second amended complaint against Defendants Jacqueline Musto-Carroll, Shannon Crake, and Michael Gownley. (Doc. 38). In January, 2012, Defendants filed motions to dismiss the second amended complaint. (Docs. 47-48). Defendants argued that the second amended complaint fails to state a cognizable constitutional claim for relief and is barred by Heck's favorable termination rule. (Docs. 47-52). After the motions were fully briefed, Magistrate Judge Blewitt filed an R&R, which is the subject of this Memorandum. (Doc. 61). No objections to the R&R have been filed and it is ripe for review.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

---

[1] In Heck v. Humphrey, the United States Supreme Court held that where a judgment in favor of a plaintiff would necessarily implicate the invalidity of the conviction or the length of sentence, a cause of action under 42 U.S.C. § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

After reviewing the instant record, this Court finds no error in the R&R. Initially, Magistrate Judge Blewitt sets forth the applicable pleading standards for a section 1983 action. (Doc. 61, p. 17) (citing Parratt v. Taylor, 451 U.S. 527 (1981)). The R&R then correctly outlines the standard of review for a motion to dismiss. (Id. at pp. 18-19), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"). The Magistrate Judge recognizes that pro se complaints are to be liberally construed, but explains that pro se litigants must still comply with the Federal Rules of Civil Procedure. (Doc. 61, pp. 19-20), citing FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that allegations of a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers").

Magistrate Judge Blewitt concludes that "[u]nder even the most liberal construction, Plaintiff's Second Amended Complaint, like his original Complaint, and his Amended Complaint, is in clear violation of Rule 8." (Doc. 61, p. 19) ("For example, Plaintiff does not state how this Court has jurisdiction over his action and his constitutional claims against Defendants are vague and do not cite actual violations of any Constitutional Amendments."). The R&R states, "[i]n his Second Amended Complaint, Plaintiff asserts that each of the Defendants violated his First, Fourth, and Fourteenth Amendment rights, which he claims protect his 'rights to know when the government accesses the contents of his electronic communications, illegal seizure of information, and due process.'" (Doc. 61, pp. 20-21), quoting (Doc. 38, p. 3). Magistrate Judge Blewitt finds that Plaintiff specifically claims "Defendant Gownley violated his Fourth Amendment right by 'issuing illegal court orders to gain [his] information' from Verizon", and Defendants Crake and Carroll-Musto "violated his First, Fourth, and Fourteenth Amendment rights by signing and approving of the applications for court orders used to obtain the information from the service provider." (Id.). The Magistrate Judge concludes that these bare allegations do not amount to violations of Plaintiff's constitutional rights and the "right to know" claim is not cognizable under section 1983. (Id.). Additionally, Magistrate Judge Blewitt determines that Plaintiff's claims that Defendants violated state law do not amount to constitutional claims under section 1983. (Id.) (citing Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 498-99 (M.D. Pa. 2005) (Vanaskie, J.)).

Next, the Magistrate Judge explains that the challenged court orders were obtained because Plaintiff was suspected of using his computer to access child pornography and he was subsequently charged and convicted of possessing child pornography in the Lycoming County

Court of Common Pleas. (Doc. 61, pp. 21, 23). The R&R states neither the conviction nor sentence has been overturned. (Id. at p. 23). Magistrate Judge Blewitt finds that the unchallenged evidence against Plaintiff would have been insufficient to sustain his conviction. (Id. at p. 25). The Magistrate Judge concludes, therefore, Plaintiff's instant claims "have a collateral effect on his underlying criminal conviction and sentence" and "undermine the validity of his conviction in his Lycoming County case." (Id. at pp. 21-26) (citing Heck, 512 U.S. 477; Washam v. Stesis, 321 Fed. Appx. 104 (3d Cir. 2009); Holmes v. Dreyer, 2010 U.S. Dist. LEXIS 102764 (E.D. Pa. 2010), affirmed, 2011 U.S. App. LEXIS 12796 (3d Cir. 2011); White v. Prob. Office, 2008 U.S. Dist. LEXIS 66709 (M.D. Pa. 2008) (Conner, J.)). Accordingly, Magistrate Judge Blewitt determines that Plaintiff's claims are barred by Heck. (Id.).

Finally, the R&R recommends this Court grant Defendants' motions to dismiss and dismiss with prejudice the second amended complaint. (Doc. 61, p. 26). Magistrate Judge Blewitt determines that because Plaintiff has already been afforded two opportunities to amend his complaint, any additional opportunity to amend would be futile. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (holding that a plaintiff whose complaint fails to state a cause of action is entitled to amend unless doing so would be inequitable or futile).

After review, and in the absence of objections, no error is discerned from the R&R and it will be adopted.

**Conclusion**

In the absence of objections, the R&R was reviewed for plain error and will be adopted. Plaintiff's bare allegations are insufficient to state a constitutional claim. Further, his "right to know" claim and alleged violations of state law are not cognizable in section 1983. Moreover,

because the instant claims would undermine the validity of Plaintiff's state court conviction for possessing child pornography, this action is barred by Heck's favorable termination rule. Plaintiff was granted two prior opportunities to file an amended complaint; thus, further leave to amend would be futile. Defendants' motions to dismiss will be granted and Plaintiff's second amended complaint will be dismissed with prejudice.

    A separate Order will be issued.

Date: August 16, 2012                          **United States District Judge**